

# Fourth Court of Appeals
## San Antonio, Texas

November 5, 2015

No. 04-15-00480-CV

**LIBERTY SPORT AVIATION, L.P.**,
Appellant

v.

**TEXAS HILL COUNTRY BANK**,
Appellee

From the 216th Judicial District Court, Kendall County, Texas
Trial Court No. 14-314A
Honorable N. Keith Williams, Judge Presiding

# O R D E R

Liberty Sport Aviation L.P. filed a notice of appeal following the trial court's rulings on motions for summary judgment and to sever. Our review of the clerk's record raises a question regarding our jurisdiction over this appeal.

Liberty Sport sued Barry Pruitt, Bristell USA L.P. and PRM Group, LLC, alleging fraudulent transfer of an aircraft and seeking, among other things, a sequestration order and a temporary injunction. Texas Hill Country Bank filed a petition in intervention, alleging it has a perfected security interest in the aircraft that supersedes Liberty Sport's interest. The Bank sought various declaratory judgments against Liberty Sport, requested a temporary restraining order be dissolved, and asserted a claim for attorney's fees. Liberty Sport answered and filed a counterclaim against the Bank.

The Bank filed a traditional motion for summary judgment seeking declarations the Bank contended it had established as a matter of law. The motion included a prayer for attorney's fees; however, a ground for a summary award of fees was not included in the body of the motion and the Bank did not attach evidence of its fees. On February 12, 2015, the trial court signed an order that stated only that "[t]he Motion for Summary Judgment of Intervenor, Texas Hill Country Bank is GRANTED." The trial court subsequently signed a "Clarification" order in which the court made five findings and conclusions "with respect to the Court's order granting Intervenor's Texas Hill Country Bank's, Motion for Summary Judgment." Neither the summary judgment order nor the clarification order expressly disposes of the Bank's attorney's fee claim.

On May 18, 2015, the trial court granted the Bank's motion to sever the Bank's claims against Liberty Sport from the remainder of the case. Liberty Sport's counterclaim against the Bank, as well as its claims against Pruitt, Bristell USA, and PFG Group, remain pending in the trial court as part of the original cause. Liberty Sport then filed a notice of appeal in the severed cause.

When there has not been a conventional trial on the merits, a judgment is final for purposes of appeal only if it actually disposes of all parties and claims then before the court or if "it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192-93 (Tex. 2001). It does not appear that the trial court's orders dispose of the Bank's claim for attorney's fees, nor do any of the orders "state[s] with unmistakable clarity that it is a final judgment as to all claims and all parties."

We therefore order the parties may file responses no later than **November 20, 2015** addressing the question of whether there is a final, appealable judgment. If a supplemental clerk's record is required to demonstrate our jurisdiction, appellant must (a) ask the trial court clerk to prepare the record, and (b) notify this court that such a request was made. If necessary, the court will entertain a motion to briefly abate the appeal to allow the trial court to sign a final judgment, if such was the trial court's intent. We further order the appellate deadlines suspended until further order of this court.

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 5th day of November, 2015.

_____
Keith E. Hottle
Clerk of Court